IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN L. KOONTZ, No. 57678,

    Petitioner,

v.

GLEN AUSTIN, Warden,
    Jacksonville Correctional Center

    Respondent.                              Case No. 3:12-cv-00100-DRH

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.    Introduction

Before the Court is petitioner Kevin L. Koontz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). On January 27, 2009, the petitioner was convicted on two counts of criminal sexual abuse in the Third Judicial Circuit, Madison County, Illinois. On April 28, 2009, the Madison County Circuit Court sentenced the petitioner to eight years imprisonment. The petitioner was incarcerated at Jacksonville Correctional Center until he was paroled on February 2, 2012. Currently, the petitioner is on parole with an expected release date of February 2, 2014.

The petitioner brings this 2254 action to challenge the constitutionality of his 2009 conviction for criminal sexual assault. Specifically, the petitioner contends that, in violation of the United States Constitution, he was not found

guilty beyond a reasonable doubt.   The petitioner asks the Court to declare that the evidence was not sufficient for supporting a finding of guilt beyond a reasonable doubt.  In the alternative, the petitioner asks the Court to grant an evidentiary hearing calling into question the evidence submitted before the trial court.

It appears that the petitioner has exhausted  his state court remedies with respect to the claims raised in his federal habeas petition and that he has filed his petition in a timely manner.  It further appears that the petitioner is "in custody" for purposes of his habeas petition[1] and that the petition presents a "case or controversy" under Article III, §2 of the Constitution.[2]

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present.

---

[1]  In order for this Court to have jurisdiction, the petitioner must have been "in custody under the conviction or sentence under attack" at the time that he filed his petition. *Maleng v. Cook,* 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed 2d 540 (2004) (internal quotation marks omitted).  A prisoner who has been placed on parole meets the "in custody" requirement because he still must abide by the conditions of his release. *See Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

[2] "A petition for habeas corpus filed while a person is in custody does not become moot at the end of custody if the person suffers sufficient collateral consequences from the sentence." *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) (*citing Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).  In the instant case, the petitioner's status as a parolee and the fact that the petitioner is challenging the underlying criminal conviction indicate that the "case or controversy" requirement is met.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 4th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.04 17:33:41 -05'00'

**Chief Judge**
**United States District Court**