IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN L. KOONTZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-100-DRH-CJP |
| | ) |
| LISA MADIGAN, Illinois Attorney General,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, Kevin Koontz, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming the evidence presented against him at his criminal trial was insufficient to find him guilty beyond a reasonable doubt (Doc. 1). Respondent contends that Koontz is barred by § 2254(d) from re-litigating this claim (Doc. 14). For the reasons stated below, the habeas petition is denied, and the Court declines to issue a certificate of appealability.

---

[1] When Petitioner Kevin Koontz filed his habeas petition, he named Glen Austin, who was the warden of Jacksonville Correctional Center at that time, as Respondent. However, Koontz was released from incarceration on the same day that he filed his habeas petition, and thus Glen Austin is no longer the proper respondent. According to the Entry of Appearance filed on September 11, 2012, Brad Curry, the Chief of Parole for the Illinois Dept. of Corrections was substituted as Respondent because Koontz had been placed on mandatory supervised release (*See* Doc. 12). However, it is not clear to the Court if Koontz is still serving his term of mandatory supervised release, or whether Koontz's entire sentence has been discharged—it was previously indicated that Koontz's sentence was expected to be discharged on February 2, 2014 (Doc. 10). Therefore, pursuant to the Advisory Committee Notes on Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Attorney General of Illinois, Lisa Madigan, has been substituted as Respondent. According to the Advisory Committee Notes, she "is in the best position to inform the court as to who the proper party respondent is. If it is not the attorney general, [s]he can move for a substitution of party."

## I. BACKGROUND

Following a bench trial in 2009 in the Third Circuit Court in Madison County, Illinois, Kevin Koontz was convicted on two counts of aggravated criminal sexual abuse (Doc. 14-6, p. 58). He was sentenced to eight years' imprisonment followed by two years of mandatory supervised release (Doc. 14-6, p. 79).

The following facts regarding Koontz's conviction and sentence are taken from the Illinois Appellate Court's Rule 23 Order denying Koontz's direct appeal (Doc. 14-3). Under 28 U.S.C. § 2254(e)(1), the facts are presumed to be correct for the purposes of habeas review as Koontz neither contests them nor points to clear and convincing evidence to the contrary (*See* Doc. 1).[2]

> According to the testimony of the victim, on the afternoon of October 26, 2007, she and her younger sister were dropped off at their grandmother's house in Alton, Illinois, to do laundry. The victim, who was then 16 years old, was sitting on a futon in the "sitting room" off the living room talking on the phone to her boyfriend. Her sister was sitting on the couch in the living room. While she was talking on the phone, she heard [Koontz] come into the kitchen and say something about aluminum.
>
> Next, [Koontz] came over to her in the sitting room and said, 'give your cousin Kevin a hug." The victim did not hug [Koontz] because she was on the phone and pushed him away. She claimed that [Koontz] tried to hug her two more times and then she thought he left the room. [Koontz], however, allegedly came up behind her and grabbed her breasts and rubbed her vagina on top of her clothes. The victim called her father to come and pick her up. She did not tell her grandparents about the incident even though both of them were home at the time. The victim's younger sister, who observed parts of the encounter from her seat in the living room, corroborated the victim's testimony. The victim's father also testified that his daughter called

---

[2] Koontz's habeas petition provides a summary of the evidence that is entirely consistent with and confirms the Illinois Appellate Court's summary of the evidence. *Compare* (Doc. 1) *with* (Doc. 14-3).

him crying saying that her cousin tried to touch her. He picked up his daughter and drove her to her mother's house. He stated he did not go to the police because the incident was a family matter.

Everyone else in the house at the time of the alleged incident denied [Koontz] was there. [Koontz] and his wife also claimed that [Koontz] could not have touched his cousin as she alleged because he was at work. [Koontz's] wife owns several businesses and [Koontz] runs one of the stores for her. They have video surveillance between the businesses and [Koontz's] wife testified that she observed him at the store several times during the time frame of the alleged incident. In addition, [Koontz] was on parole and wore an ankle bracelet and a transmitter on his hip that monitored his location at all times. The monitoring device showed a signal loss for [Koontz] during the time frame of the alleged incident but at all other times during the day reported that he was at his wife's store. [Koontz's] parole agent testified that sometimes the device can be blocked by buildings and it is not uncommon for the device to lose a signal inside a location, but as long as it is exposed to the open sky, it will not lose a signal. By stipulation, the director of product development for the company responsible for the device that was used to track [Koontz's] whereabouts would testify, "Wrapping the * * * device in aluminum foil would prevent the unit from receiving satellite signals and thus prevent it from reporting the whereabouts of the offender." The parties also stipulated that the signal could be blocked by being inside a building.

[Koontz] and his wife believed the victim made the accusations against him as part of a plan to extort money from [Koontz's] wife. An inmate with [Koontz] at the time of his incarceration also testified that he had dated the victim during the time frame in question and that he heard the victim state that she was about to come into some money as a result of a lie that she had told on her cousin. The victim denied having any relationship with the inmate and further denied any involvement in an attempt to extort money from [Koontz] and his wife.

After taking the matter under advisement, the trial court found [Koontz] guilty of both counts of aggravated criminal sexual abuse and sentenced [Koontz] to 10 years' imprisonment. At the hearing on [Koontz's] motion for a new trial and motion to modify sentence, [Koontz] continued to maintain his innocence. The court subsequently reduced the sentence to eight years.

(Doc. 14-3).

Koontz directly appealed his conviction to the Illinois Appellate Court arguing that the evidence presented against him at trial was insufficient to find him guilty beyond a reasonable doubt (Doc. 14-1). According to Koontz, the State's entire case rested upon the testimony of the victim and her younger sister, but their testimony was contradicted by the other adults present in the home who said Koontz was not at the house that day; by his wife who testified Koontz was at work; and by his ankle bracelet which also placed him at work (Doc. 14-3). The Illinois Appellate Court reviewed all of the evidence presented at Koontz's criminal trial, rejected his argument, and affirmed his conviction (Doc. 14-3). The Appellate Court stated:

> Contrary to [Koontz's] assertions, his entire case did not just rest solely on the testimony of the victim and her sister. The victim's mother and father fully corroborated her testimony as well. Moreover, minor discrepancies in a victim's testimony do not render that testimony unbelievable or incompetent. We also note that there was a signal loss from [Koontz's] monitoring device at exactly the time [Koontz] allegedly sexually abused his cousin. And, there was testimony about [Koontz] needing or having aluminum foil when he entered the home with supporting testimony that aluminum foil could prevent the unit from receiving satellite signals and prevent it from reporting the whereabouts of the wearer of the device. Again, we are not to judge the credibility of the witnesses. In reviewing the evidence in the light most favorable to the prosecution, we therefore must conclude the evidence presented was sufficient to support [Koontz's] convictions.

(Doc. 14-3) (internal citations omitted). Koontz then filed a Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court, but the PLA was denied on November 30, 2011 (Doc. 14-5).

Koontz filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 2, 2012 (Doc. 1), the same day that he was paroled from Jacksonville Correctional Center (Doc. 10).[3]  In his habeas petition, Koontz again claimed that the evidence presented against him at trial was insufficient to find him guilty beyond a reasonable doubt (Doc. 1).

## II.   DISCUSSION

### A.   Sufficiency of the Evidence Claim

#### 1. Applicable Legal Standards

Koontz's only claim in his habeas petition is that the evidence presented against him at his trial was insufficient to prove him guilty beyond a reasonable doubt.  This claim was already adjudicated on the merits by the Illinois Appellate Court.  Therefore, Koontz is not entitled to habeas relief unless he demonstrates the Illinois Appellate Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."   28 U.S.C. § 2254(d)(1).[4]

The clearly established federal law for insufficient evidence claims is the rule articulated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S.

---

[3] In the event that Koontz's entire sentence has been discharged, his habeas petition is not moot because his claim challenges his underlying criminal conviction, and he is thus entitled to the presumption that a live controversy still exists.   *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).

[4] Koontz only invokes § 2254(d)(1), and § 2254(d)(2) is not applicable here.   Under § 2254(d)(2), habeas relief can be granted if the state court's decision involved "an unreasonable determination of the facts."   28 U.S.C. § 2254(d)(2).  Because Koontz has not challenged the factual findings set forth by the Illinois Appellate Court (*See* Doc. 1), the facts are presumed to be correct, and that presumption renders § 2254(d)(2) irrelevant.

307 (1979).  Under *Jackson*, a court reviewing a sufficiency of the evidence claim can overturn a conviction only if "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the elements of the crime beyond a reasonable doubt."  *Id.* at 319.  This standard requires the reviewing court to defer to the factfinder and not reweigh the evidence, reassess the credibility of witnesses, or substitute its judgment for that of the factfinder.  *See Id.*

Moreover, on habeas corpus review, the federal court must defer to the state court rulings.  *Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.") (internal citations and quotation marks omitted).  The federal court "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The federal court instead may do so only if the state court decision was 'objectively unreasonable.'"  *Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012) (per curiam).  This double layer of deference means that state prisoners asserting a sufficiency of the evidence claim "face a high bar in federal habeas proceedings."  *Id.*

Accordingly, within this framework, the precise legal question that this Court must answer is: "Was it objectively unreasonable for the Illinois Appellate Court to conclude that any rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found the essential elements of [aggravated

criminal sexual abuse] beyond a reasonable doubt." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

### 2. Analysis

Koontz argues that the trial court erred in relying upon the victim's testimony and the testimony regarding his ankle monitor in order to convict him, and therefore, the Illinois Appellate Court also erred in affirming his conviction (Doc. 1). Koontz claims that the only evidence that supported his conviction was the testimony of the victim and her sister, and he argues that "there was overwhelming evidence that contradicted their testimony" and the victim had "a motive to lie" as evidenced by "the plot to extort [him] and his wife unfolded" (Doc. 1). Koontz also asserts that "the evidence concerning the gps tracking device did not confirm [he] had tampered with the device, nor that [he] was present within the home during the alleged crime" (Doc. 1).

It is clear that in challenging to the sufficiency of the evidence, Koontz is not contending that there was no evidence as to one or more elements of the crime. In fact, Koontz states in his habeas petition that the evidence in his criminal case "was closely balanced" (Doc. 1, p. 17), implicitly acknowledging that there was evidence in the record that supported conviction. Koontz then goes on to admit that the testimony of the victim and her sister, if believed, supported his conviction (Doc. 1, p. 18) ("The only evidence that can be conceived reliable to support petitioner's convicted of two counts of criminal sexual abuse, was that of . . . the victim and her sister.")

Instead, the gist of Koontz's claim is that the trial court should not have believed the testimony of the victim and her sister, and should have accepted the defense's version of events instead. He does nothing more than attack the trial court's determinations as to the credibility of the evidence and the inferences it drew therefrom. Koontz's disagreement with the trial court's determinations does not rise to a constitutional claim cognizable in a federal habeas proceeding. *Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("Under *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review"); *Jackson*, 443 U.S. at 326 ("[A] federal habeas court faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.")

It was up to the trial judge, as the trier of fact, to decide which witnesses to believe, to reconcile discrepancies in the evidence, and to draw reasonable inferences. *Jackson*, 443 U.S. at 319. The trial judge was entitled to discount or outright reject the defense's version of events. The judge was also entitled to credit the testimony of the victim, despite the evidence negatively impacting her credibility, and to infer from the evidence that Koontz had tampered with his ankle monitor to prevent it from transmitting a signal and reporting his whereabouts.

On appeal, the Illinois Appellate Court articulated a standard based on Illinois case law that is comparable to the *Jackson* standard. The Appellate Court, in viewing the evidence in the light most favorable to the state and giving the trial judge's credibility determinations the required deference, concluded that the

evidence was sufficient for a rational jury to find guilt beyond a reasonable doubt. This conclusion was not unreasonable given the evidence in the case. As such, Koontz is not entitled to habeas relief based on his challenge to the sufficiency of the evidence, and his petition is **DENIED**.

### B.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Here, the Court denied Koontz's sufficiency of the evidence claim based on well-established precedent regarding the treatment of these claims on federal habeas review. As such, reasonable jurors could not find the Court's assessment debatable or wrong. Consequently, the Court **DECLINES** to issue a certificate of appealability.

### III.    CONCLUSION

Kevin Koontz's petition for a writ of habeas corpus under 28 U.S.C. § 2254

(Doc. 1) is **DENIED** and this matter is **DISMISSED with prejudice**. Furthermore, the Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 27th day of February, 2014.

Digitally signed by
David R. Herndon
Date: 2014.02.27
15:20:45 -06'00'

**Chief Judge**
**United States District Court**